ISSEKS v. NELSON.

(Supreme Court, Appellate Term. January 17, 1905.)

1. SALES—ACTION FOR PRICE—JUDGMENT—EVIDENCE.

In an action for the balance due on a contract for the construction of a tank, evidence *held* insufficient to support a judgment for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by David Isseks against William Nelson. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Louis Z. Kinstler, for appellant.

David W. Rockmore, for respondent.

DAVIS, J. By a written offer made by the defendant to and accepted by the plaintiff, the plaintiff agreed to furnish and erect upon the defendant's premises at Poughkeepsie a water tank of certain specified dimensions for an agreed price of $150, of which sum $100 was to be paid upon delivery of the tank upon the dock in this city, and the balance of $50 "when water was pumped into the tank, and shows that it is tight and does not leak." To recover this balance of $50 and the sum of $5.80, paid by plaintiff for the fare of two men from this city to Poughkeepsie and return, who were to set up the tank, this action

was brought, and resulted in a judgment for the plaintiff. The plaintiff was the only witness in his own behalf, and he testified that he never was in Poughkeepsie, but intrusted the work of setting up the tank to two of his employés. The absence of these men as witnesses was not ac- counted for. The testimony of the defendant and two witnesses, one wholly disinterested as to the condition of the tank, was therefore un- disputed, and showed that the tank when set up was not tight, and that ever since it was erected it has leaked badly, and that it will cost at least $50 to make it conform to the agreement. Upon complaint made by the defendant, the plaintiff, some two months after the tank was erected, sent two men to repair it; but it was shown that their efforts failed, and it was further shown that as late as October 5, 1903, the tank having been erected July 9, 1903, the plaintiff promised to go to Pough- keepsie himself, and endeavor to make it conform to the agreement. This appointment, however, he did not keep. The judgment is clearly against the weight of evidence, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.